UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JONATHAN APPLEBY,

    Plaintiff,

v.                                        CASE NO.: 1:12cv237-SPM/GRJ

HICKMAN CONSTRUCTION, INC.,
d/b/a HICKMAN METAL ROOFING,
a Florida corporation,

    Defendant.

_____/

## O R D E R

    This cause is before the court on plaintiff's Motion for Reconsideration. (Doc. 16). The parties filed a stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (Doc. 14). This court noted that usually a stipulation of this kind would be effective to dismiss a case with prejudice but that the stipulation was deficient in this case where the claim arises under the Fair Labor Standards Act (FLSA). Court approval of any FLSA compromise is necessary, as explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Therefore, the court construed the parties' stipulation with prejudice as a motion for dismissal by court order pursuant to Rule 41(a)(2) and dismissed without prejudice, giving the parties an opportunity to demonstrate that dismissal with prejudice was fair and reasonable. Instead, the plaintiff moved for reconsideration, arguing that an intervening change in controlling law or the need to correct clear error or manifest injustice requires reconsideration of the parties' stipulated dismissal with prejudice. The court disagrees.

    It is clear under prevailing law that, ordinarily, entry of a Rule 41(a)(1)(A)(ii) stipulation is self executing and divests the district court of jurisdiction. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012). But, despite the Eleventh

Circuit Court of Appeal's discussion of stipulated dismissals in *Anago Franchising,* the express terms of Rule 41(a)(1) recognize that its self-executing nature is subject to "any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). The Eleventh Circuit has plainly stated that the FLSA's provisions are mandatory and are not subject to negotiation or bargaining between employers and employees. *See Lynn's Food Stores*, 679 F.2d at 1352-53. The court explained in *Lynn's Food Stores* that the rights under the FLSA "cannot be abridged by contract or otherwise waived," *id.* at 1352 (internal marks omitted), and, aside from a payment supervised by the Secretary of Labor, an FLSA claim can be settled or compromised only by court approval after "scrutinizing the settlement for fairness," *id.* at 1353. Where the parties stipulate to dismissal *without* prejudice, the plaintiff is not foreclosed from refiling any FLSA claim at a later time, and thus, such a stipulated dismissal remains self executing without contravening the FLSA. *See Perez-Nunez v. N. Broward Hosp. Dist.,* 609 F. Supp.2d 1319, 1320-21 (S.D. Fla. 2009). But, the FLSA's requirements regarding the compromise of an FLSA claim in the context of a suit brought by an employee dictate that where the parties seek dismissal of an FLSA claim *with prejudice*, the court must be satisfied that any compromise of FLSA rights is fair and reasonable. Therefore, if the parties wish to have the employee's case dismissed with prejudice, they must demonstrate that no compromise occurred or present the court with a proposed settlement for a review of whether it is reasonable and fair under the standards set forth in *Lynn's Food Stores*.[1] The operation of Rule 41 is subject to the terms of the FLSA.

      Here, nothing was submitted by the parties to support either a conclusion that no compromise occurred or that any such compromise is fair and reasonable under the circumstances; accordingly, dismissal without prejudice was neither clear error nor did it result in any injustice. As the plaintiff asserts, the employee is not required to bring a claim, and if the employer extracts a compromise that was not obtained through court approval, the release of the FLSA claim would remain unenforceable. *See Dees v.*

---

[1] " Given a particularly dubious FLSA claim, it may be possible that a plaintiff's voluntary dismissal with prejudice in return for nothing is a fair and reasonable resolution of the dispute." *Perez-Nunez*, 609 F. Supp.2d at 1320.

*Hydrady*, 706 F. Supp.2d 1227, 1237-38 (M.D. Fla. 2010).  This is true, and for this reason, the parties are free to dismiss the employee's suit on stipulation and without court order, but such a dismissal is *without* prejudice.  The court finds that there has been no intervening change in controlling law that calls for any other conclusion.

Accordingly, plaintiff's motion for reconsideration (doc. 14) is DENIED.

**SO ORDERED** this 25th day of March, 2013.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**